56 CCPA

A. P. BALDECHI & SON et al., Appellant,

v.

The UNITED STATES, Appellee.

Customs Appeal No. 5298.

United States Court of Customs and Patent Appeals.

July 10, 1969.

Glad & Tuttle, Los Angeles, Cal., Barnes, Richardson & Colburn, New York City, for appellant; Edward N. Glad, Los Angeles, Cal., Joseph Schwartz, New York City, of counsel.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Harold L. Grossman, New York City, for the United States.

Before RICH, Acting Chief Judge, KIRKPATRICK, Judge, sitting by designation, ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal from the decision and judgment of the United States Customs Court, First Division, reported in 59 Cust.Ct. 377 C.D. 3171, overruling the protests herein, which were consolidated for trial, against the Collector's classification and duty assessment on certain marble imported from Italy, Belgium, and Spain on various dates in 1958, 1960, and 1961.

The merchandise involved here consists of marble pieces described on the invoices as table tops, polished marble slabs, marble table tops, and polished marble slabs, either rectangular, square, or round in shape, all less than one inch thick, polished on one surface and all four sides. The rectangular pieces are all 20 inches wide, in length from 42 to 60 inches, with the bulk of the importations being 20" x 60", and the edges rounded or arrised; the squares are either 20" x 20" or 30" x 30"; and the rounds range from 18 to 48 inches in diameter.

The merchandise was assessed with duty at 21% ad valorem under paragraph 232(d) of the Tariff Act of 1930, as modified by T.D. 54108, as marble, wholly or partly manufactured into arti-cles, not specially provided for. Appellants claimed that the merchandise is properly dutiable at 7 cents per superficial foot under paragraph 232(b) of said Tariff Act, as modified by T.D. 52373, supplemented by T.D. 52476, as slabs of marble, polished in whole or in part.

We feel that this case is controlled by United States v. Quality Marble & Granite Co. et al., 48 CCPA 50, C.A.D. 763. In that case the merchandise before the court consisted of, amongst other articles, round pieces of marble that were similar in size and condition to the rounds at bar. The testimony revealed that the rounds were sold strictly in the furniture trade, and that 90% of the round pieces so sold were used, in their imported condition, for table tops. There was further testimony by an expert marble mason that he had purchased rounds, such as those before the court, from the importer and sold all of them for table tops, with all being used for that purpose in their imported condition. Predicated upon that record, which has been duly incorporated herein on appellee's motion, this court held that the rounds were properly classified by the Collector as marble, wholly or partly manufactured into articles, under paragraph 232(d), supra.

The round pieces of marble in the case before us are identical to the rounds in the *Quality Marble* case, supra, and the testimony of the appellants' and appellee's witnesses support the incorporated testimony.

Mr. Albert P. Baldechi, partner and owner of the marble importing firm of that name, testified under cross-examination as follows:

Q. Now, aren't these rounds used exclusively for table tops? A. As far as I know, yes. You can use them for other things, but it would be unlikely, * * *.

Mr. George E. Shepherd, general manager of a marble retailer, and previously associated, for a long period of years, with a marble importing

firm, testified that a round "is an article definitely dedicated to a table top," 95% of which, in its condition as imported, "we use as is for table tops."

Mr. Rene Maassen, president of the Quality Marble & Granite Co., marble importers, testified that he handled rounds in all sizes, sold them in their condition as imported, and that "the market which we have established, in my opinion, utilizes them 95 per cent for marble table tops."

Mr. Loris J. Buccola, president and general manager for 22 years of a furniture manufacturing company that used all sizes of marble rounds, testified that he used "about 100 per cent" of said rounds, in their condition as imported, as table tops.

Finally, Mr. Patrick J. Ryan, a marble importer, testifying on behalf of the appellants, stated that up until six years ago, i. e. at or about the time the merchandise at bar was being imported, the rounds "were practically one hundred per cent used for table tops."

In the *Quality Marble* case, supra, this court decided that the imported rounds were not polished slabs as claimed, but were properly classifiable as wholly or partly manufactured articles. We feel that the material now before the court to be substantially the same in all respects as that in the *Quality Marble* case, supra, and therefore that the instant protests, as they relate to such merchandise, be overruled. Manca, Inc. v. United States, 47 CCPA 103, 105 C.A.D. 738; United States v. Charles H. Demarest, Inc., 45 CCPA 109, C.A.D. 682, and cases there cited; R. J. Saunders & Co., Inc. v. United States, 45 CCPA 87, C.A.D. 678.

The appellants in support of their contention have cited United States v. Selectile Co., Inc., 49 CCPA 116, C.A.D. 805. We feel, however, that that case supports the judgment of the court below since *Selectile* was decided upon facts significantly different from *Quality Marble*. In *Selectile* we pointed out that:

* * * [T]he merchandise at bar comes within the purview of paragraph 232(d), inter alia, because of our decision in United States v. Quality Marble & Granite Co. et al., 48 CCPA 50, C.A.D. 763. There we held that certain square, rectangular and round pieces of marble should be classified under 232(d). That case is clearly distinguishable from the one before us now. There, 90 per cent of the importations were sold to furniture manufacturers who used them as table tops *in their imported condition*. Here we have pieces of marble used as material by the importers in making various kinds of marble installations in buildings and, furthermore, the importations are not used by the importers in their imported condition.

We feel that the facts in this case are more consistent with those of *Quality Marble* than *Selectile*.

Accordingly, the judgment of the Customs Court is affirmed.

Affirmed.

RICH, J., concurs in the result.